## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**DOUGLAS A. MORIN,**

     **Plaintiff,**

**vs.**                          **Case No. 4:21-CV-00335-AW-MAF**

**JONATHAN SJOSTROM,**
**et al.,**

     **Defendants.**
_____/

## REPORT AND RECOMMENDATION

This Cause comes before the Court upon the filing of Plaintiff's amended complaint, ECF No. 11, responding to the Court's order to amend, ECF No. 3. Plaintiff, Douglas A. Morin, a prisoner, is proceeding *pro se* and *in forma pauperis*.[1] ECF No. 7. Plaintiff's amended complaint contains the same deficiencies as his initial complaint. ECF No. 11. The complaint has been screened as required pursuant to 28 U.S.C. § 1915. After careful

---

[1] Plaintiff amended complaint is dated September 19, 2021, and states he is a "pretrial detainee" and his "conviction [is] not final / pending appeal." ECF No. 1, p. 4. This is incorrect. Before Plaintiff signed the amended complaint, he was convicted following a jury trial and, on September 2, 2021, was sentenced, as evident from the docket in Franklin County Case No. 2020CF000251.

The state criminal case can be reviewed online at the following URL: https://www.civitekflorida.com/ocrs/app/partyCaseSummary.xhtml. The state case "constitute[s] judicially noticeable facts under Rule 201." Paez v. Sec'y, Fla. Dep't of Corr., 947 F.3d 649, 652 (11th Cir. 2020).

review, the undersigned recommends the case be dismissed for failure to state a claim because it is barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) and the <u>Younger</u> Abstention Doctrine; certain claims are not cognizable under Section 1983; and the complaint is otherwise a shotgun pleading.

## I.    Relevant Procedural History

Plaintiff initiated this case with a legally insufficient complaint, ECF No. 1. Plaintiff named the presiding judge in his state criminal case in the Second Judicial Circuit Court, Jonathan Sjostrom; the Clerk for the same court; and the sheriff of Franklin County. <u>Id</u>. Plaintiff initially alleged that on December 19, 2020, he was involved in an altercation with a person he believed was a narcotics detective with the Leon County Sheriff's Office. <u>Id</u>., p. 5. Plaintiff claimed this person stabbed him three times and made threats against him and his family. <u>Id</u>. Plaintiff suffered stab wounds in his arm and lower back and other defensive wounds. <u>Id</u>., pp. 5-6. Plaintiff left the scene and traveled to Franklin County. <u>Id</u>. He was arrested the next morning and transported to Franklin County Jail. <u>Id</u>. Plaintiff claimed the defendants acted in some way to hide evidence and that he did not receive the proper medical treatment. <u>Id</u>.

The Court directed Plaintiff to amend the initial complaint because it was legally insufficient and advised him that the case was likely subject to

dismissal because: (1) shotgun pleadings are not permissible, (2) claims were barred under the <u>Younger</u> abstention doctrine, and (3) judicial immunity likely applied. Plaintiff filed an amended complaint. ECF No. 11.

## II. Plaintiff's Amended Complaint, ECF No. 11, is legally insufficient.

Now, Plaintiff raises claims against Judge Sjostrom; Michelle Maxwell, the Clerk of the same court; and the assistant public defender, Michael MacNamara, in their individual and official capacities. ECF No. 11, pp. 2-3. Plaintiff generally alleges that, between January 1, 2021, and August 25, 2021, Judge Sjostrom conspired with police officials to cover up that police officials repeatedly stabbed Plaintiff with a knife. Judge Sjostrom failed to recuse himself from Plaintiff's criminal case and is assisting in the preventing defense evidence from being introduced. <u>Id</u>. p. 5. Plaintiff alleges this violates his right to a fair and impartial trial. <u>Id</u>., p. 6. Plaintiff claims Judge Sjostrom adversely ruled against his pretrial motions while his motion to disqualify the judge was pending. <u>Id</u>. Specifically, Plaintiff provides exhibits of the motion he filed to disqualify Judge Sjostrom in Case No. 2020CF000251. ECF No. 11, pp. 25-33. Plaintiff also provides a motion appealing the denial of his request to discharge his court-appointed counsel. <u>Id</u>., pp. 34-35

Plaintiff does not provide any other facts applicable to any of the named defendants. Plaintiff seeks actual and punitive damages in the amount of $300,000 and payment for medical expenses and any necessary rehabilitation but does not describe any medical condition for which the defendants are responsible.

Before a complaint is dismissed as frivolous or for failure to state a claim upon which relief can be granted, a *pro se* plaintiff should generally be permitted to amend the complaint to cure pleading deficiencies, if possible. See Shepherd v. Wilson, 663 F. App'x 813, 816 (11th Cir. 2016) (affirming denial of motion to amend because plaintiff "failed to explain how the proposed amended complaint would overcome the fatal deficiencies identified by the Magistrate Judge."). The Court directed Plaintiff to file an amended complaint and outlined certain deficiencies. Plaintiff has failed to amend his complaint in accordance with the Court's directives.

*Pro se* litigants are entitled to liberal construction of their pleadings; however, they are required to conform to procedural rules. See Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002); see also McNeil v. United States, 508 U.S. 103, 113 (1993); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("once a *pro se* IFP litigant is in court, he is subject to the

relevant law and rules of court, including the Federal Rules of Civil Procedure.").

## III.   Shotgun Pleadings are Not Permissible

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818 (11th Cir. 2015).

Here, the complaint is written in a narrative without numbered paragraphs as directed by Rule 10(b). "A 'shotgun pleading' - one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'—does not comply with the standards of Rules 8(a) and 10(b)." Id. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." Id. (citing PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010)).

Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

Plaintiff brings forward claims against certain defendants but provides no set of facts for any acts or omissions attributable to them. For example. Plaintiff's general allegation that the judge conspired with prison officials to hide evidence or in the attempt to kill him, without more, fails to state any claim. Similarly, Plaintiff names the clerk of court and the assistant public defender but attributes no set of facts to them at all. To establish a *prima facie* case for conspiracy, "the plaintiff must plead in detail, through reference to material facts, the relationship or nature of the conspiracy between the state actor(s) and the private persons." Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir. 1992). There are simply no material facts to support a conspiracy claim.

Plaintiff cannot simply "plead the bare elements of [a] cause of action" but must provide facts which present a "plausible claim for relief" to survive a motion to dismiss. See Randall v. Scott, 610 F.3d 701-708-09 (11th Cir. 2010) (concluding there is no "heightened pleading standard" under Rule 8, including civil rights complaints) (citing Ashcroft v. Iqbal, 556 U.S. 662, 687 (2009)). Plaintiff must allege the facts which support the claim raised against each defendant. Legal conclusions are insufficient. It is important to note that it would be futile for Plaintiff to amend his complaint because his claims also fail for the reasons stated below.

## IV.    Judicial Immunity

An error or mistake by a judge in ruling in a case is not the proper subject of a separate lawsuit but rather may be appropriate for an appeal to a higher court. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005) (quoting Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000)). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Id.

> Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.

Williams v. State of Ala., 425 F. App'x 824, 826 (11th Cir. 2011) (quoting Sibley, 437 F.3d at 1070). Accordingly, the case against Judge Sjostrom relating to his decisions on Plaintiff's pretrial motions and failure to recuse himself from the case should be DISMISSED.

## V.    Futility of Claims under Younger Abstention Doctrine and Heck v. Humphrey, 512 U.S. 477 (1994).

At the time Plaintiff initiated this case, his criminal case was pending in Franklin County Court. Plaintiff was charged with burglary of a structure, two

counts of petit theft, and grand theft from a retail merchant. Initially, the Court ordered Plaintiff to amend his complaint advising him of several deficiencies including that his claims were likely to fail under the Younger Abstention Doctrine. ECF No. 3. Federal courts may not enjoin state court proceedings. Younger v. Harris, 401 U.S. 37, 41 (1971). Ordinarily, federal courts must refrain from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).

On August 26, 2021, Plaintiff was convicted on all four counts following a jury trial. On September 2, 2021, Plaintiff was sentenced to 66 months in prison. See Case No. 2020CF000251, D.E.# 220. Plaintiff filed a direct appeal in the First District Court of Appeal on November 2, 2021, which remains pending. Id., D.E.# 233-238. Here, there are ongoing appellate proceedings relating to Plaintiff's criminal conviction involving the factual basis of his claims against Judge Sjostrom. If this Court were to make factual findings relating to whether there was any conspiracy to prevent evidence from being admitted in this case, or whether Judge Sjostrom failed to recuse himself, or improperly denied any pretrial motions in the case, it could conflict

with and potentially affect the pending appellate court proceedings. Plaintiff has adequate opportunity to raise his constitutional claims and his defenses to the criminal charges in the subsequent direct- and collateral appeals.

To the extent Plaintiff is attempting to allege that the actions of Judge Sjostrom violated his right to a fair trial and the effective assistance of counsel, a prisoner may not bring a claim for damages under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction. The most obvious example of an action barred by Heck is one in which the plaintiff seeks damages directly attributable to conviction or confinement.

"The Court's purpose was to limit the opportunities for collateral attack on [criminal] convictions because such collateral attacks undermine the finality of criminal proceedings and may create conflicting resolutions of issues." Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (internal citations omitted). Thus, unless a plaintiff can demonstrate that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," the complaint must be dismissed. See Heck, 512 U.S. at 487. A decision in Plaintiff's favor would undoubtedly invalidate his

conviction. Plaintiff has the opportunity to raise his claims on direct- and collateral appeal. Accordingly, these claims should be DISMISSED.

## VI.    Claims against Non-State Actors are Not Cognizable under § 1983.

"To establish a claim under [Section] 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005) (citing West v. Atkins, 487 U.S. 42, 48 (1988)). Even though Plaintiff attempts to sue Mr. MacNamara, the assistant public defender, the claim fails. Not only does Plaintiff fail to provide a set of material facts attributable to Mr. MacNamara, but it is futile to amend because it is well settled that a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981). The Supreme Court of the United States explained that a public defender "works under canons of professional responsibility that mandate his exercise of independent judgment on behalf of the client" and because there is an "assumption that counsel will be free of state control." Legal Servs. Corp. v. Velazquez, 531 U.S. 533, 542 (2001) (quoting Polk Cty., 454 U.S. at 321-22).

Review of the docket of the underlying state case shows that Mr. MacNamara represented Plaintiff during the criminal trial. Consequently, Plaintiff's complaint fails to state a claim against Mr. MacNamara under Section 1983.

## VII.    Conclusion and Recommendation

It is respectfully **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** because: (1) Plaintiff's claims are barred by Heck v. Humphrey and the Younger Abstention Doctrine; (2) Judge Sjostrom is otherwise entitled to judicial immunity; (3) Mr. MacNamara, the assistant public defender, is not a state actor for the purposes of a Section 1983 action; and (4) the complaint is an impermissible shotgun pleading. It is further recommended that the case count as a "strike" for the purposes of §1915(g) for failure to state a claim and the case be **CLOSED**.

IN CHAMBERS at Tallahassee, Florida, on November 5, 2021.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline

that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).