IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DOUGLAS A. MORIN,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　**Case No. 4:21-cv-335-AW-MAF**

**JONATHAN SJOSTROM, et al.,**

    **Defendants.**

_____/

## ORDER OF DISMISSAL

Douglas Morin sued a state judge and others. ECF No. 11. Morin reports "that the basis of the Compliant is the attempt by state actors to murder [him] . . . and that others, et al., joined . . . to conceal or cover-up the deeds of others." ECF No. 19 at 1. The precise basis of his claims is unclear, but the gist is that someone he thought was a narcotics officer stabbed him, and others (including the judge) tried to cover it all up.

The magistrate judge found Morin's pleading was a shotgun complaint and granted leave to amend. ECF No. 3. The magistrate judge found the amended complaint was also a shotgun complaint, and he issued a report and recommendation suggesting dismissal. ECF No. 18. I have considered Morin's objections de novo, ECF No. 19, and I agree that the complaint is a shotgun complaint subject to dismissal.

The magistrate judge also found there is judicial immunity as to the judge, that *Younger* abstention and *Heck v. Humphrey* preclude relief, and that claims against non-state actors (like the public defender) are not cognizable under § 1983. ECF No. 18. Morin takes issue with these latter conclusions, saying "[t]he magistrate judge has erred in his belief that this complaint had anything to do with what was then a pending litigation." ECF No. 19 at 2. If there is any confusion about what Morin actually claims—and there is—it is because he has (twice) filed a shotgun complaint, as the magistrate judge concluded. I therefore need not address the magistrate judge's conclusions about abstention, *Heck*, or whether certain aspects of Morin's claims are cognizable under § 1983. I will dismiss based solely on the fact that Morin has filed a shotgun complaint. And because he was already alerted to the deficiencies and given an opportunity to amend, this dismissal will be with prejudice.

It is now ORDERED:

1. The Report and Recommendation (ECF No. 18) is adopted and incorporated into this order to the extent it concludes dismissal is appropriate because Morin filed a shotgun complaint.

2. The clerk will enter a judgment that says, "This action is dismissed with prejudice because Plaintiff filed a shotgun complaint."

3. The clerk will then close the file.

SO ORDERED on January 7, 2022.

<u>s/ *Allen Winsor*</u><br>
United States District Judge